IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IVERY T. WILLIAMS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:14-cv-2652-N-BN |
| RISSI OWENS, ET AL., | § | |
| | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Ivery T. Williams has filed a "Motion for Restraining Order, Injunction" in this habeas action brought pursuant to 28 U.S.C. § 2254. *See* Dkt. No. 6. For the reasons stated herein, Petitioner's motion should be denied.

**Background**

Petitioner seeks an immediate order directing removal a monitor from his ankle so that he may go to a law library to conduct legal research and so that he may attend any hearings held in this action. *See id.* at 1. Petitioner states that he is not a child molester, that he is not a threat to children or to society, and that the ankle monitor is illegal. *See id.* He argues that legal research is necessary for him to support the claims alleged in the instant action. *See id.*

**Legal Standards**

Federal Rule of Civil Procedure 65(a) governs preliminary injunctions. Rule 65(a)(1) provides that "[t]he court may issue a preliminary injunction only on notice to

the adverse party." FED. R. CIV. P. 65(a)(1). This notice is "mandatory," and the courts "have not hesitated to dissolve preliminary injunctions issued without notice or the opportunity for a hearing on disputed questions of fact and law." *Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 130 (5th Cir. 1990). The "notice requirement is more than a mere procedural formality.... [R]ule 65(b)'s stringent restrictions 'on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'" *Id.* at 131 (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974)).

Rule 65(b)(1) provides that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1).

## Analysis

Plaintiff has not provided the notice to Defendants, required under Rule 65(a)(1), that he seeks a preliminary injunction. The motion contains no certificate of service as required by Federal Rule of Civil Procedure 5(d)(1) or any certificate of conference as required by Northern District of Texas Local Civil Rules 7.1(b) and (h). To the extent

that Plaintiff seeks a temporary restraining order, he has not certified "in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1)(B). Neither does Plaintiff offer an affidavit setting forth specific facts showing that "immediate and irreparable injury, loss, or damage" will result to him before the adverse party can be heard. FED. R. CIV. P. 65(b)(1)(A). The Court may deny a motion for preliminary injunction or temporary restraining order on procedural infirmities alone. *See Lason Servs., Inc. v. Rathe*, No. 3:02-cv-2110-D, Dkt. No. 37 (N.D. Tex. Oct. 11, 2002) (order denying motion for temporary restraining order and/or preliminary injunction for procedural infirmities including a failure to comply with this Court's local rules).

But even if the Court considers the substance of Petitioner's motion, Petitioner has not met the required standard for granting injunctive relief. The Court may grant temporary injunctive relief only if Petitioner establishes that: "(1) there is a substantial likelihood that [Petitioner] will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to Petitioner] outweighs the threatened harm to the defendant; and (4) the granting of the [injunctive relief] will not disserve the public interest." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (en banc). The party seeking injunctive relief must satisfy a cumulative burden of proving each of the four elements

enumerated before a temporary restraining order or preliminary injunction can be granted. *See Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. If a party fails to meet any of the four requirements, the Court cannot grant the temporary restraining order or preliminary injunction.

Here, Petitioner has not made a showing of any irreparable harm that will result if his requested injunctive relief is not granted. He has not explained why removal of his ankle monitor is necessary for him to go to a law library to conduct legal research, and no hearing has been scheduled in this action that would require his attendance – even if he could show that removal of the monitor would somehow be necessary for that to happen. Further, Plaintiff's motion does not show a substantial likelihood that he will prevail on the merits or that ordering a change in a condition of Petitioner's parole while this Section 2254 case is pending will not will not disserve the public interest.

## Recommendation

The Court should deny Petitioner's motion [Dkt. No. 6] without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 19, 2014

_____

    DAVID L. HORAN
    UNITED STATES MAGISTRATE JUDGE