IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IVERY T. WILLIAMS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:14-cv-2652-N-BN |
| | § | |
| RISSI OWENS, ET AL., | § | |
| | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Ivery T. Williams ("Williams"), a former Texas inmate currently on parole, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, this habeas application is successive, and the Court should deny it without prejudice to Williams's right to seek leave from the United States Court of Appeals for the Fifth Circuit to file such an application. To the extent some grounds may not be successive, the Court should deny those grounds, because they are not cognizable on federal habeas review.

**Background**

The factual and procedural background applicable to Williams's current federal habeas application, in large part, was set out by Magistrate Judge Clinton E. Averitte in February 2009:

> In 1965, petitioner pled guilty in Criminal District Court Number 2, Dallas County, Texas to one count of rape, four counts of robbery, and one count of assault with intent to commit rape. (*In re Williams*, WR-1,724-03, filed with Tex. Court of Crim. App. May 12, 1970, pg. 10). He was

> sentenced to life imprisonment for all of these crimes except for the assault with intent to commit rape conviction, for which he received a sentence of twenty-five years. (*Id.*) Petitioner was paroled in 1977. (Petition for Writ of Habeas Corpus filed by petitioner Feb. 5, 2008, Cause No. 2:08–CV–015, Doc. # 1 ...). While on parole, petitioner was convicted by the 320th Judicial District Court, Potter County, Cause number 19101 D, of aggravated robbery. He was sentenced to a ninety-nine (99) year term in prison in July 1979. His parole was revoked.
>
> Petitioner appealed the Potter County conviction and successfully argued the trial court erred by ordering the ninety-nine (99) year sentence to run consecutively to the Dallas County sentences. *See Williams v. State*, 675 S.W.2d 754, 760 (Tex. Crim. App. 1984). The Texas Court of Criminal Appeals set aside the cumulation order in the trial court's sentence and set the punishment's start date on the day sentence was originally pronounced. *Id.* On rehearing, however, the Court of Criminal Appeals reversed its earlier decision and upheld the trial court's original sentence cumulating punishments. *Id.* at 764-65.
>
> In addition to the filings mentioned above and petitioner's pleadings in this case, petitioner Williams has filed more than fifteen state applications for habeas corpus relief, at least seven of which directly challenge either the most recent aggravated robbery conviction or the parole board's denial of parole. All of the state habeas applications have either been denied without written order or dismissed as subsequent writs. Petitioner has also filed, with the federal courts, three petitions for habeas corpus relief (counting the instant petition), two petitions for mandamus, and ten prisoner civil rights cases, twelve of which have been either dismissed or denied. Three of these, counting the instant petition, are pending.

*Williams v. Quarterman*, No. 2:08-cv-0015, 2009 WL 464235, at *1 (N.D. Tex. Feb. 24, 2009) (footnotes omitted).

While in Texas Department of Criminal Justice ("TDCJ") custody, Williams was also convicted of possession of marijuana and sentenced to two years' imprisonment on December 10, 1990. *See* Dkt. No. 24-1; *see also Williams v. Director, TDCJ-CID*, Nos. 6:11cv244 & 6:11cv273, 2011 WL 3510792, at *2 n.1 (E.D. Tex. June 24, 2011) (in

which the court noted Williams's marijuana conviction and dismissed his application without prejudice as successive). Although Williams was released from TDCJ custody in 2012, he currently remains on parole supervision. *See* Dkt. No. 24-1.

Through his current application, Williams presents five grounds for relief. The first, third, and fifth grounds concern the Texas Parole Board's decisions to deny him him parole from 1979 to 1999. *See* Dkt. No. 12 at 5-6 ("The Texas Parole Bd. Denied Me Parole Eligibility for Reviews 20 Calendar years from 1979 to 1999: Due Process Denied!!" The Parole Board "made me serve 20 yrs. for Parole Eligibility on the Same Sentence (Twice !!) 1979 to 1999 for First Parole Eligibility Review."); *id.* at 7 (further referencing that the Parole Board violated the "Separation of Power" and "Ex Post Facto Law"). The other grounds also appear related to parole proceedings. Through the second ground, Williams claims that he was denied the right to be heard at a risk classification hearing. *See id.* at 5-7. And the fourth ground further concerns the risk classification hearing; Williams claims that he was denied his right to counsel at that hearing. *See id.* at 6.

Many of the grounds alleged through this application, as well as the arguments that Williams appears to make, are the same or at least significantly similar to the allegations that he made in, for example, *Williams v. Quarterman*, No. 2:08-cv-0015:

> Petitioner appears to present the following grounds:
>
> > 1. The parole board violated the Ex Post Facto Clause by taking away petitioner's parole eligibility. According to petitioner, the parole board applied a new version of Texas law rather than the version in effect at the time petitioner was originally sentenced, forcing petitioner to serve twenty years in prison before becoming parole eligible. If the

>board had applied the correct law, petitioner contends, he would have become parole eligible in one year.
>
>2. The parole board violated petitioner's due process rights by retroactively applying a newer version of the statute governing parole eligibility dates.
>
>3. The parole board violated the Separation of Powers Clause by ignoring the court's order for his sentences to run consecutively (or stacked). According to petitioner, the parole board is forcing him to serve his sentences "in installment."
>
>4. The parole board violated petitioner's due process rights by denying him release on mandatory supervision.
>
>5. Petitioner's due process rights are being violated because he is serving consecutive sentences; the first sentence, for which he received parole before committing the later offense, is still running and adversely impacting his later sentences.
>
>6. Petitioner's due process rights are being violated, and he is being held illegally, because he is eligible for mandatory supervision.
>
>7. Petitioner's due process rights were violated when the trial court illegally stacked his sentences of prior convictions.
>
>8. Petitioner's due process rights are being violated because he is "serving sentences piecemeal."
>
>As set forth above, petitioner has filed at least one other habeas corpus petition asserting some of the same general arguments asserted in the instant petition, i.e. cause number 6:01-CV-543, U.S. District Court of the Eastern District of Texas. In that petition, Williams averred, "he was denied both Due Process and Equal Protection rights of the Fourteenth Amendment because 'TDCJ–ID' [was] denying him his release to mandatory supervision on his 99 year sentence," and "the Texas Board of Pardons and Paroles [was] violating the Ex Post Facto Clause by applying in his case retroactive application of amendment to parole reconsideration rule hearings." (Petitioner's Brief in Support of Release, filed by Ivery T. Williams Nov. 26, 2001 in the Eastern District of Texas, Cause number 6:01–CV–543, pg. 2, Doc. # 1).

2009 WL 464235, at *2; *see also id.* at *2 n.4 ("Petitioner also filed a writ for habeas

corpus relief in this Court in February 1988. This Court, however, does not readily have access to the original filings and is unaware of petitioner's contentions in those pleadings. Consequently, petitioner will receive the benefit of the doubt that he did not raise any of the current issues in the 1988 petition.").

For the reasons explained below, the Court should deny Williams's Section 2254 application without prejudice to his right to file a motion for leave to file a successive Section 2254 application in the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 2244(b)(3). But, to the extent Grounds 2 and 4 may not be successive, the Court should deny those grounds, because they are not cognizable on federal habeas review.

**Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a "second or successive" application for federal habeas relief, *see generally* 28 U.S.C. § 2244, and "was enacted in part to bring finality to state court judgments," *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) (citing *Williams v. Taylor*, 529 U.S. 420, 436 (2000)). As the Fifth Circuit has explained,

> Section 2244 lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second. In *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998), we defined a "second or successive" petition as one that "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." Section 2244 specifies when a later-in-time petition will be

> heard. Despite its strictures, the case law clarifies that there is a category of petitions that, even though later in time, are outside the confines of § 2244 and will be heard because they are not "second or successive" within the meaning of AEDPA.

*Id.* (footnotes omitted and internal citation modified).

Where multiple Section 2254 petitions attack a single judgment, a court "look[s] to pre-AEDPA abuse of the writ principles in determining whether [a] petition is successive.'" *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003)); *see id.* ("We held that Crone's petition was successive because he 'knew of all of the facts necessary to raise his [second] claim before he filed his initial federal petition.' This holding aligned with our 'strong policy against piecemealing claims.'" (quoting *Crone*, 324 F.3d at 837)).

The Court must determine whether a subsequent federal habeas application is second or successive within the meaning of AEDPA to ensure there is subject matter jurisdiction. *See Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)); *see also Crone*, 324 F.3d at 836 (collecting cases); *cf. Linzy v. Faulk*, No. 14-cv-00962-BNB, 2014 WL 5355293, at *3 (D. Colo. Oct. 21, 2014) ("[t]he one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional," and "[t]here is no language in 28 U.S.C. § 2244(d) that would prohibit [a court] from bypassing the issue of timeliness if the claims asserted in the § 2254 Application are without merit" (citing *Day v. McDonough*, 547 U.S. 198, 205 (2006))).

The second or successive rule also applies to parole proceedings. *See, e.g., Page v. Dretke*, No. 3:05-cv-1617-P, 2006 WL 740090, at *2 (N.D. Tex. Feb. 10, 2006) ("The limitation on the filing of a second or successive petition in federal court applies whether the petitioner raises claims to invalidate his underlying conviction or, as in this case, claims related to his eligibility for parole." (citing *Crone*, 324 F.3d at 836-37; *In re Cain*, 137 F.3d at 235-37; *Pritchard v. Henderson*, 440 F.2d 660, 660-61 (5th Cir. 1971); *McGary v. Scott*, 27 F.3d 181, 185 (5th Cir. 1994))); *see also Williams v. Fed. Dist. Ct.*, No. 6:12cv4, 2012 WL 1570768, at *2 (E.D. Tex. Mar. 16, 2012), *rec. adopted*, 2012 WL 1570407 (E.D. Tex. May 3, 2012) ("Nor has [Ivery] Williams shown that the 'second or successive' rule does not apply to challenges to parole proceedings." (citing *Crone*, 324 F.3d at 837)). As the United States Court of Appeals for the Third Circuit has explained,

> [a]s a preliminary matter, we do not gainsay that, intuitively, there appears to be a principled distinction between petitions that attack the underlying conviction and those that attack the administration of the sentence arising from that conviction. However, given the language and statutory purpose of § 2244, which codifies the longstanding policy against piecemeal litigation that was at the heart of the abuse of the writ doctrine, it is not surprising that there is no statutory or precedential authority for such a distinction.
>
> Moreover, every Court of Appeals to have addressed the question has required a petitioner to raise claims relating to his or her underlying conviction in the same petition as available claims dealing with the administration of the sentence and has found a petitioner's failure to do so to be an abuse of the writ.

*Benchoff v. Colleran*, 404 F.3d 812, 818-19 (3d Cir. 2005) (citations omitted). But "a subsequent petition that challenges the administration of a sentence is clearly not a 'second or successive' petition within the meaning of § 2244 if the claim had not arisen

or could not have been raised at the time of the prior petition." *Id.* at 817 (citations omitted).

A claim presented in a second or successive application under Section 2254 must be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the Court of Appeals before a petitioner files an application in federal district court. *See id.* § 2244(b)(3).

**Analysis**

Williams's actual factual allegations are thin. But, from the facts that he does allege, it is apparent that his parole-related claims concern Parole Board decisions from 1979 to 1999 and, accordingly, that such claims could have been made – to the extent they were not made – in the multiple federal habeas applications that he filed prior to this one. This interpretation of Williams's present federal habeas application, filed after he was released on parole, is confirmed by the relief that he states that he seeks through this petition: "[t]hat my sentence be treated under the pre 65th Legislative Law that was in effect at the time of my convictions, to include review for

a full pardon: Acts 1977; 65th Leg. Chap. 347-1-Page 925." Dkt. No. 12 at 8. As implied above, moreover, the federal district courts have documented Williams's practice of abusing the writ by filing unauthorized successive petitions repeating and/or repackaging claims presented previously. *See, e.g., Williams v. Director*, No. 6:09cv436, 2009 WL 4730619, at *3 (E.D. Tex. Dec. 7, 2009) ("[Ivery] Williams has filed two previous habeas corpus petitions raising essentially the same claims as presented in the present case. He makes no showing that he has received permission from the Fifth Circuit to file a successive application for the writ of habeas corpus, nor does he allege that he even sought such permission.").

Williams's failure to obtain leave from the Fifth Circuit under Section 2244(b)(3) before filing this application "acts as a jurisdictional bar to the district court's asserting jurisdiction over [this] habeas petition until [the Fifth Circuit grants Williams] permission to file [it]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted); *accord Crone*, 324 F.3d at 836; *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010). Thus,

> it is appropriate for the Court to dismiss [this habeas application] without prejudice pending review by a three-judge panel of the Fifth Circuit[, but] it is also appropriate to transfer [it] to the Fifth Circuit for a determination of whether [Williams] should be allowed to file the successive [application] in the district court.

*United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003) (citing *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)). Given Williams's litigation history, "a dismissal without prejudice appears more efficient and better serves the

interests of justice than a transfer in this instance." *Id.* at *1.

But, to the arguable extent that his second and fourth grounds for relief concern parole proceedings that occurred after Williams filed his previous Section 2254 applications – considering that then he had not been released on parole whereas, when he filed the current application, he had already been released – those grounds may not be successive. *See, e.g., In re Cain*, 137 F.3d at 236-37 ("Under a contrary holding, if a prisoner has previously filed a petition challenging his conviction or sentence, any subsequent petition challenging the administration of his sentence will necessarily be barred by 28 U.S.C. § 2244(b) .... Congress did not intend for the interpretation of the phrase 'second or successive' to preclude federal district courts from providing relief for an alleged procedural due process violation relating to the administration of a sentence of a prisoner who has previously filed a petition challenging the validity of his conviction or sentence, but is nevertheless not abusing the writ."); *Benchoff*, 404 F.3d at 817 (collecting cases).

Although Grounds 2 and 4 may not be clearly successive, they are nevertheless clearly not cognizable under federal habeas review. In sum, through these grounds, Williams contends that he was denied certain procedural rights during the state parole proceedings (the right to be heard [Ground 2] and the right to counsel [Ground 4]). *See* Dkt. No. 12 at 5-7. But a federal habeas petitioner must claim a violation of a federal constitutional right to be entitled to relief. *See Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir.1998). And it is well settled that there is no constitutional right to conditional release prior to the expiration of a valid sentence. *See Greenholtz v. Inmates of Neb.*

*Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

In Texas, parole means the discretionary and conditional release of an eligible prisoner. *See* TEX. GOV'T CODE § 508.001(6). Texas inmates, then, have no constitutionally protected right to parole, because the relevant Texas statutes do not create an expectation of release that would implicate due process considerations. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). Any such release is entirely speculative. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir.1997).

Because Williams has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures applied – or factors considered – by the Parole Board to reach its decision. *See Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007); *Allison*, 66 F.3d at 74; *Orellana*, 65 F.3d at 32. As to Grounds 2 and 4, since Williams has failed to allege a due process right that has been violated, he cannot establish that any state court adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law.

**Recommendation**

Because the Court presently lacks subject matter jurisdiction to consider it, Williams's application for writ of habeas corpus should be denied without prejudice to his right to file a motion for leave to file a successive 28 U.S.C. § 2254 application in the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 2244(b)(3). And, to the extent Grounds 2 and 4 may not be successive, the Court should deny those grounds, because they are not cognizable on federal habeas review.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 25, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE